IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 FEB -3  PM 12: 18

DAVID JOSEPH FORD,
          Petitioner,

-vs-                                                    Case No. A-14-CA-207-SS

WILLIAM STEPHENS,
          Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner David Joseph Ford's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation (R&R) of the United States Magistrate Judge [#16], and Petitioner Ford's Objections [#19]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DENYING Ford's petition for writ of habeas corpus.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Ford is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.



## Background

**A.     Ford's Criminal History**

According to Respondent, the Director has lawful and valid custody of Ford pursuant to a judgment and sentence of the 21st Judicial District Court of Washington County, Texas, in cause number 16701. Ford, after waiving his right to indictment, was charged by information and affidavit with the offense of aggravated robbery committed on or about August 6, 2013. The information alleged:

> I, Derek Estep, Assistant District Attorney of Washington County, Texas, County, on the written affidavit of Brian Taylor, a competent and credible person herewith filed in the 21st Judicial District Court of Washington County, Texas, do present unto said Court that before the making and filing of this information, the County of Washington and the State of Texas, that, on or about August 6, 2013, **DAVID FORD**, the defendant, did then and there, while in the course of committing theft of property, and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Daniela Zamora in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to wit: a knife.

*Ex parte Ford*, Appl. No. 80,780-01 at 2.

Ford entered a plea of guilty on October 8, 2013, and, pursuant to a plea bargain, the trial court found Ford guilty and assessed his sentence at 20 years in prison. Ford did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. Specifically, Ford challenged his trial attorney's failure to ensure his new conviction would run concurrent to his 25-year sentence from a prior conviction. On January 29, 2014, the Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover.

**B.      Ford's Grounds for Relief**

Ford raises the following grounds for relief in his original application for habeas corpus relief:

1. Ineffective assistance of counsel, where his attorney coerced and allowed him to sign a plea bargain for robbery with no finding of a deadly weapon, but he incorrectly received a judgment for aggravated robbery;

2. His due process of law was violated when counsel did not assure his plea bargain was entered in accordance with the original plea bargain agreement; and

3. The affirmative finding of a deadly weapon was not specifically charged, and thus it should not have been included in the judgment.

Ford raises the following grounds for relief in his amended application for habeas corpus relief:

4. The only reason he accepted the plea bargain agreement of 20 years was his belief the sentence was to run concurrent with his previous 25-year sentence and that both cases would run together;

5. TDCJ-CID is not honoring his plea bargain by making his sentences reflect as consecutive sentences, as shown by his new TDCJ number, and he would not have entered into the agreement if the prosecutor or his attorney had not permitted his involuntary plea; and

6. The State pursued aggravated robbery when it was supposed to be a simple robbery or a theft of a person, as he never caused bodily injury, exhibited a deadly weapon, or even placed the victim in fear of imminent bodily injury or death, and the judgment, without an affirmative finding of a deadly weapon, should only have been a second degree theft.

**C.      Exhaustion of State Court Remedies**

Respondent contends Ford's claims are partially unexhausted and procedurally barred. Respondent explains that in his state application for habeas corpus relief, Ford directed his challenge

to his attorney's failure to ensure his new case would run concurrent to his 25-year sentence for which he was on parole. Ford did not raise any other claim in his state application.

## Analysis

### A. Unexhausted Claims

Ford has not exhausted his first claims regarding prosecutorial misconduct, sufficiency of the aggravated assault allegation, and his entitlement to lesser charges. Ford's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on his unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman*, 501 U.S. at 735–37. The general rule a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* at 735 n.1. A petitioner, however, can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his

procedural default or that a failure to address the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 750).

Ford has failed to show cause and actual prejudice for his procedural default and has made no showing a failure to address the merits of his claims would result in a miscarriage of justice. Therefore, he is barred from raising his unexhausted claims. Accordingly, the Court turns its attention to Ford's exhausted claims.

### B.   The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 783–85 (2011). The Court noted the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following

all of the Courts of Appeals' decisions on this question, the Court concluded the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted it had previously concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

## C.     Guilty Plea

To be valid, a guilty plea must be voluntary, knowing, and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201 F.3d 353, 364–65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections he has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315. Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*,

397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id.* at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). As the Supreme Court has explained:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770–71 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann*, 397 U.S. at 770–71). "Counsel is needed so that the accused may know precisely what he is doing,

so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim trial counsel's defective assistance rendered a plea involuntary, the petitioner must show counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As the Magistrate Explains in the R&R, Ford has not alleged any specific facts showing he was not adequately informed of the nature of the charge against him prior to his guilty plea. Ford knew he was charged with the felony offense of aggravated robbery and was pleading to the charged offense without reduction. He was admonished with regard to the range of punishment for his second degree felony, signed the waiver of rights and agreements in connection with the plea of guilty, understood he was pleading guilty to a "3g" offense so that he would not become eligible for parole until he served one-half of his sentence, admitted he was guilty of each and every allegation contained in the indictment, and signed the agreed punishment recommendation providing for his sentence to run concurrently with any parole revocation on his Harris County case. *See* Resp. [#13-2] Ex. B. Thereafter, the trial court certified the voluntariness of Ford's plea, his guilt, and his waivers, and accepted the plea bargain in writing and in open court.

Ford now claims he thought his 20-year sentence was going to be "dismissed" into his 25-year sentence (of which he had already served several years). There is no evidence, however,

counsel misled Ford into the belief a "concurrent" sentence meant his 20-year sentence would be "dismissed" into his 25-year sentence or the 25-year sentence would "eat up" the 20-year sentence. A petitioner's subjective belief alone is not sufficient to invalidate a guilty plea. *Matthews v. United States*, 569 F.2d 941, 943 (5th Cir. 1978). Instead, a petitioner must show the plea agreement had been objectively misrepresented to him. *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000). Ford has failed to meet this standard, and as a result, he has failed to show counsel's performance was deficient.

In addition, Ford does not contend that, had he understood his 20-year sentence would run concurrently with his 25-year sentence, he would not have pleaded guilty and would have insisted on going to trial. Instead, Ford wants to be returned to state court to negotiate a better plea bargain. As explained above, to establish a claim trial counsel's defective assistance rendered a plea involuntary, the petitioner must show counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59. Ford has shown neither that counsel's performance was deficient nor that he was prejudiced thereby. Ford's solemn declarations made at the time he entered his guilty plea undermine his claims of an involuntary plea, and his unsupported allegations are insufficient to entitle him to relief.

In his Objections [#19], Ford repeats and re-urges arguments previously made, and they are OVERRULED.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence. Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief.

## Conclusion

The Court fully agrees with the Magistrate Judge, and Ford's Petition for Writ of Habeas Corpus [#1] must be DENIED.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of Ford's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner David Joseph Ford's Objections [#19] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#16] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner David Joseph Ford's Petition for Writ of Habeas Corpus [#1] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 2nd day of February 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE